# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAN S. GEIGER, | ) | 1:10-cv-00715-OWW-JLT  HC |
|           Petitioner, | ) ) | |
| v. | ) ) | ORDER DENYING REQUEST FOR STATUS AND REQUEST TO EXPEDITE CASE (Doc. 20) |
| NEIL H. ADLER, | ) ) | |
|           Respondent. | ) ) | |

Petitioner is a federal prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On April 22, 2010, Petitioner, through counsel, filed the instant petition. (Doc. 1). On May 7, 2010, the Court ordered Respondent to file a response. (Doc. 5). On July 12, 2010, Respondent filed an Answer. (Doc. 14). On August 4, 2010, Petitioner filed his Traverse. (Doc. 19). On December 3, 2010, Petitioner's counsel filed the instant motion requesting to know the status of the case and requesting that the case be expedited. (Doc. 20). On December 7, 2010, Respondent filed a response to Petitioner's request. (Doc. 21).

Counsel's request for status was made despite the fact that on April 23, 2010, the Court issued new case documents that included, inter alia, the following admonition by this Court:

<u>Request for Case Status</u> The court will notify you as soon as any action is taken in

1   your case.  Due to the large number of civil actions pending before the court, THE
    CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL
2   INQUIRIES REGARDING THE STATUS OF YOUR CASE.  As long as you
    keep the court apprised of your current address, you will receive all court
3   decisions which might affect the status of your case.

(Doc. 4, p. 2)(Emphasis in original).

Despite this clear admonition, counsel for Petitioner has filed this motion requesting that the Court, in essence, expedite this case.  This is completely inappropriate and would be entirely unfair to the many other habeas petitioners who must wait their turn to avail themselves of the Court's scant resources.

As counsel is aware, the Eastern District of California has one of the largest habeas corpus case loads in the United States.  Case management at the Court proceeds by the order cases are received.  Once screened and briefed for a decision on the merits, the cases are addressed in the order in which the cases become "at issue" for a merits decision.  The Court is aware of the existence of Petitioner's case and is well aware of the length of time that it has been pending.  However, due to the caseload of the Court, and the Court's diligent handling of each, individual case, rulings and decisions often takes time.

Moreover, filing requests for status or to expedite proceedings merely places additional burdens on the Court's limited staff resources.  The Court must take the time to examine and research every motion or request filed in a habeas proceeding.  Each motion, no matter how inappropriate or unnecessary, requires the expenditure of additional court resources, resulting in added delays for all habeas cases, including the instant case.

With respect to Petitioner's request for a status, as noted above, the Court will not respond to individual inquiries regarding the status of a case.  Petitioner and his counsel were informed that the Court would notify them as soon as any action is taken in the case and that as long as Petitioner and counsel keep the Court informed of their current addresses, they will receive all decisions that might affect the status of the case.

///

///

///

Accordingly, the Request for Status and the motion to expedite proceedings (Doc. 20), is **DENIED**. Counsel is admonished to comply with orders set forth in the new case documents.

IT IS SO ORDERED.

Dated: **December 14, 2010**                    /s/ Jennifer L. Thurston
                                                UNITED STATES MAGISTRATE JUDGE