UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAN S. GEIGER, | ) | 1:10-cv-00715-AWI-JLT HC |
|        Petitioner, | )<br>) | FINDINGS AND RECOMMENDATIONS TO<br>DENY MOTION FOR TEMPORARY |
|   v. | )<br>) | RESTRAINING ORDER (Doc. 25) |
| NEIL H. ADLER, Warden, | )<br>) | ORDER REQUIRING THAT OBJECTIONS<br>BE FILED WITHIN FIFTEEN DAYS |
|        Respondent. | )<br>) | |

**PROCEDURAL HISTORY**

Petitioner, who is presently confined at the Taft Correctional Institution ("TCI") in Taft, California and is represented by counsel, is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In the instant petition, Petitioner alleges that he has been in the custody of the Bureau of Prisons ("BOP") since 2004, following a conviction in the United States District Court for the Eastern District of Tennessee for violations of 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1954 (graft), 18 U.S.C. § 1956(h)(conspiracy to commit money laundering), and U.S.C. 18 § 1957 (engaging in monetary transactions in property derived from specific unlawful activity). (Doc. 1, pp. 1-2). Petitioner further alleges that, despite Petitioner's "clean" record in prison, Respondent has refused Petitioner's request for a transfer to a Residential Re-entry Center ("RRC") to serve the

1  remainder of his sentence pursuant to 18 U.S.C. § 3621(b).  (Id., p. 2).  Petitioner contends that
2  Respondent has failed to properly consider any of the mandatory individualized factors concerning
3  inmates who apply for RRC placement, as contained in § 3621(b).  (Id., p. 3).   The petition also
4  contains various complaints about the conditions of Petitioner's confinement and the prison
5  personnel's purported retaliation against Petitioner.

6       On July 2, 2010, Respondent filed an Answer to the petition.  (Doc. 12).  On August 4, 2010,
7  Petitioner filed his Traverse.  (Doc. 19).  The matter is presently awaiting issuance of a decision on
8  the merits of the petition.

9       During the pendency of the petition, however, Petitioner's counsel has made numerous
10 attempts to expedite issuance of such a decision on the merits.  On December 14, 2010, Petitioner's
11 counsel filed a request for status.  (Doc. 20).  In its order denying Petitioner's request for status, the
12 Court advised Petitioner and his counsel that due to the large volume of prisoner cases on the Court's
13 docket, cases were taken in the order in which they are received, that expediting a case was unfair to
14 other inmates awaiting decisions on their petitions, and that the Court would decide Petitioner's case
15 in the proper order.

16      Despite such an admonishment, Petitioner's counsel filed a motion for summary judgment on
17 May 27, 2011.  Given the nature of a habeas corpus petition, Anderson v. Butler, 886 F.2d 111, 113
18 (5th Cir. 1989) (modern habeas corpus procedure has the same function as an ordinary appeal);
19 O'Neal v. McAnnich, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas
20 corpus proceedings is to "review errors in state criminal trials"(emphasis omitted)), motions for
21 summary judgment are *unnecessary* because petitions may be decided immediately by the Court
22 following submission of the pleadings provided no material issues of fact exist.  See, 1 J. Liebman,
23 *Federal Habeas Corpus Practice and Procedure,* § 17.3 (1988) (The habeas corpus statute
24 authorizes -- indeed, it seems to *require* -- the court treat the petition itself as the equivalent of a
25 petitioner initiated summary judgment motion).   Thus, given that the case was already ripe for
26 decision, Petitioner's motion for summary judgment appears to be yet another attempt by Petitioner's

counsel to expedite the case, something this Court has repeatedly refused to do.[1]

Now, Petitioner's counsel has filed the instant motion for a temporary restraining order. (Doc. 25). The motion alleges that Respondent has engaged in a pattern of retaliation against Petitioner, based on Petitioner's pursuit of various administrative remedies, that include, inter alia, the following: (1) denial of Petitioner's request for a one-day furlough to attend his daughter's wedding; (2) Respondent's denial of one or more visits by Petitioner's counsel to TCI on the grounds that the requests were not made with 24-hour notice; (3) Respondent's refusal to permit additional requests for unmonitored legal calls without proof that communication between counsel and Petitioner by other means is not adequate and in the absence of an imminent court deadline; (4) unlawful limitations on the amount of time Petitioner is permitted to spend on the telephone with his attorney; and, (5) denial of Petitioner's request for a legal furlough to attend a deposition on August 19, 2011 in Las Vegas in connection with a civil suit initiated by Petitioner against his former attorney(s), thus requiring all counsel in the case to travel from Las Vegas to Taft, California to conduct the deposition. (Doc. 25, pp. 6-12).

Petitioner requests the following relief: (1) preventing Respondent from limiting Petitioner's legal calls to less than three calls per week with a total duration of 45 minutes per call, with 24-hour notice; (2) preventing Respondent from limiting legal visits to Petitioner on any day of the week, with 24-hour notice; (3) preventing Respondent from denying Petitioner's request to attend his own deposition in a civil lawsuit filed in Las Vegas through a 3-day legal furlough; (4) preventing Respondent from "intimidating Petitioner with capricious threats of solitary confinement; and (5) preventing Respondent from retaliating against Petitioner through any means. (Doc. 25, p. 22). Petitioner also seeks costs and attorney's fees. (Id., p. 23).

## **DISCUSSION**

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v.

---

[1] As counsel is aware, from the Court's earlier admonishment, the Eastern District of California has one of the largest habeas corpus case loads in the country. Counsel is once more ***strongly admonished*** to comply with the rules related to habeas litigation and to refrain from filing frivolous motions that only succeed in further delaying this Court from considering the merits of his habeas petition. Further such conduct **SHALL** result in an order to show cause why sanctions should not be imposed.

1   Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  Writ of habeas corpus relief extends to a person in
2   custody under the authority of the United States if the petitioner can show that he is "in custody in
3   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3).
4   Specifically, a habeas corpus action is the proper mechanism for a prisoner to challenge the fact or
5   duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Badea v. Cox, 931
6   F.2d 573, 574 (9th cir. 1991); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990).
7         Here, the petition meets that standard for establishing this Court's habeas jurisdiction insofar
8   as it relates to the issue of Respondent's refusal to place Petitioner in an RRC.  As discussed, that
9   petition is presently at issue and awaiting a decision on the merits.
10         However, in this motion for a temporary restraining order, Petitioner does not challenge the
11  fact or duration of his confinement.  Rather, Petitioner challenges the conditions of his confinement,
12  i.e., Respondent's refusal to provide Petitioner with certain telephone and visitation privileges,
13  Respondent's refusal to allow a furlough for Petitioner to attend a deposition in Las Vegas,
14  Respondent's limitations on visitation by Petitioner's counsel, and certain unspecified actions by
15  Respondent that Petitioner characterizes as "retaliation."   Such allegations, however, are not within
16  the Court's habeas jurisdiction.  The mere fact that Petitioner has successfully invoked the Court's
17  habeas jurisdiction vis-a-vis RRC placement, does not mean that the Court now has jurisdiction over,
18  and Petitioner may now raise, issues related to the *conditions* of Petitioner's incarceration that are
19  separate and distinct from the issue the conferred habeas jurisdiction in the first instance, i.e., RRC
20  placement.
21         Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper
22  mechanism for a prisoner seeking to challenge the conditions of his confinement.  See Bivens v. Six
23  Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971); see
24  also, e.g., Burnette v. Smith, 2009 WL 667199 at *1 (E. D. Cal. Mar. 13, 2009)(petitioner's
25  confinement in segregated unit for security purposes and prison's refusal to transfer petitioner should
26  be raised as Bivens action, not as § 2241 habeas action); Nostratis v. Sugrue, 2009 WL 462732 at *1
27  (E.D. Cal. Feb. 23, 2009)(petitioner's claim that he should be transferred to another facility should
28  be raised in Bivens action, not a § 2241 habeas proceeding); Christian v. Deboo, 2007 WL 470587 at

*1 (E.D. Cal. Feb. 9, 2007)(petitioner's claim that prison had refused to transfer him to another facility should be brought as Bivens action, not § 2241 proceeding); Evans v. U.S. Pentitentiary, 2007 WL 4212339 at *1 (E.D. Cal. Nov. 27, 2007)(petitioner is not entitled to habeas relief under § 2241 because his claims regarding a recent transfer and inadequate medical care concern conditions of his confinement); Blow v. Bureau of Prisons, 2007 WL 2403561 at *1 (E.D. Cal. Aug. 20, 2007)(habeas relief under § 2241 does not extend to petitioner's requests for transfer to another facility and access to law library because they concern conditions of his confinement); Wilson v. Wrigley, 2007 WL 1378024 at *2 (E.D. Cal. May 10, 2007)(petitioner is not entitled to habeas corpus relief under § 2241 because his request to be transferred to another institution does not impact the duration of his confinement).

Such district court decisions are consistent with case law from the Ninth Circuit as well as other circuit courts of appeals.  See e.g., Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979)(upholding dismissal of petition challenging conditions of confinement, the Ninth Circuit noted that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); Blum v. Floyd, 1997 WL 599370 at *1 (Sept. 22, 1997 9th Cir. Ariz.)(petitioner's claim of retaliatory transfer by prison officials is properly brought under Bivens rather than § 2241); Glaus v. Anderson, 408 F.3d 382, 387-388 (7th Cir. 2005)(following U.S. Supreme Court holding in Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995), that restrictions on housing or movement within prison are generally not cognizable in habeas unless they impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life); Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001), *vacated on other grounds* by Boyce v. Ashcroft, 268 F.3d 953 (10th Cir. 2001)("[P]risoners who want to challenge their convictions, sentences or administrative actions which revoke good-time credits, or who want to invoke other sentence-shortening procedures, must petition for a writ of habeas corpus;" however those "who raise constitutional challenges to other prison decisions-including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed under Section 1983 or Bivens.").

Accordingly, the Court has no habeas jurisdiction over the claims raised in the motion for a

U.S. District Court
E. D. California
5

temporary restraining order and thus has no jurisdiction to grant Petitioner the injunctive relief he has requested therein.  Put another way, when the fact or duration of a prisoner's confinement is successfully challenged, the Court has the authority to grant the petition and no more; the Court's habeas jurisdiction does not extend to matters unrelated to the fact or duration of the inmate's incarceration.  Specifically, the Court's habeas jurisdiction does not extend to ordering that Respondent provide Petitioner with a specific number of minutes or hours of telephone contact with his attorney, or that Respondent grant furloughs to Petitioner, or that Respondent accommodate Petitioner's counsel's schedule for visitations with Petitioner.  Certainly, it does not extend to awarding costs and attorney's fees.

Indeed, even where jurisdiction exists, federal courts are reticent to micro-manage a respondent's decisions regarding the day-to-day handling of prison life.  "[F]ederal courts ought to afford appropriate deference and flexibility to...officials trying to manage a volatile environment....Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life...."  Sandin v. Conner, 515 U.S. 472, 482 (1995).  In Procunier v. Martinez, 416 U.S. 396, 404-405 (1974), overruled in part on other grounds, Thornburgh v. Abbott, 490 U.S. 401 (1989), the Supreme Court explained the basis for this deference:

> Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration.  In part this policy is the product of various limitations on the scope of federal review of conditions in state penal institutions.  More fundamentally, this attitude springs from complementary perceptions about the nature of the problems and the efficacy of judicial intervention.  Prison administrators are responsible for maintaining internal order and discipline, for securing their institutions against unauthorized access or escape, and for rehabilitating, to the extent that human nature and inadequate resources allow, the inmates placed in their custody. The Herculean obstacles to effective discharge of these duties are too apparent to warrant explication.  Suffice it to say that the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree.  Most require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.  For all of those reasons, courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform.  Judicial recognition of that fact reflects no more than a healthy sense of realism.

Procunier, 416 U.S. at 404-405.

The Court's recommendation to deny the motion for temporary restraining order is without prejudice to Petitioner filing a Bivens civil rights action raising the claims contained in his motion for temporary restraining order.

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that the motion for temporary restraining order (Doc. 25), be DENIED without prejudice to Petitioner filing a civil rights action regarding the allegations contained in his request for injunctive relief.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 21, 2011**                              /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE